THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| TREVIS A. REED | CIVIL ACTION NO. |
| VERSUS | JUDGE **12-2758** |
| JEFFERSON PARISH SCHOOL BOARD | MAGISTRATE |

**SECT. B MAG. 3**

### COMPLAINT

**NOW INTO COURT**, through undersigned counsels, comes Plaintiff, Trevis A. Reed, who is a person of full majority, domiciled in the State of Louisiana and who resides in a Parish within this Judicial District, who respectfully represents the following:

### NATURE OF THE ACTION

This is an action bought under Title I of the American with Disabilities Act of 1990, and the ADA Amendments Act of 2008, to correct unlawful employment practices on the basis of disability. The Plaintiff, Trevis A. Reed, was subjected to discrimination based on her disability, medical complications following the birth of a child, by the Defendant, the Jefferson Parish School Board. As alleged with greater particularity in paragraph eleven below. Plaintiff, Trevis A. Reed was discharged by the Defendant, following the Plaintiff's request for extended sick leave which was to end on February 28, 2011, but the Defendant discharged the Plaintiff on February 25, 2011 regarding her as disabled. The Defendant discharged the Plaintiff based on job abandonment.

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. sec. 1332. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

1

2. This action is authorized and instituted pursuant to the Americans with Disabilities Act of 1990, and the ADA Amendments Act of 2008.

3. The employment practices alleged to be unlawful were at all times committed in The United States District Court for the Eastern District of Louisiana.

## PARTIES

4. Plaintiff, Trevis A. Reed, is a resident of Orleans Parish, Louisiana.

5. At all relevant times, Defendant has continuously been a domestic institution charged with the education of students in Jefferson Parish, Louisiana, doing business in the State of Louisiana and has continuously had at least 15 employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e-(b), (g) and (h).

7. At all relevant times, all material facts occurred within the jurisdiction of this Court.

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Trevis A. Reed filed a charge of discrimination with the Equal Employment Opportunity Commission, Charge Number 461-2011-01371 (hereinafter referred to as EEOC) alleging violations under the American With Disabilities Act and the ADA Amendments Act of 2008.

9. A Right to Sue was issued by EEOC on or about August 14, 2012, and received by the Plaintiff on August 18, 2012.

10. All conditions precedent to the institution of this lawsuit has been fulfilled.

2

11. The Plaintiff, Trevis A. Reed, was employed by the Defendant as a special education teacher from August 14, 2009 until her unlawful termination on February 25, 2011. The Plaintiff suffered a medical trauma at the beginning of the August 2010 school year, requiring treatment from two surgeons and a psychiatrist. The Plaintiff exhausted her sick leave, was granted 20 days leave and 90 days extended leave which expired on Feb. 14, 2011. The Plaintiff was released to return to work by her surgeons for Feb. 15, 2011 and by her psychiatrist for Feb. 28, 2011. During the Plaintiff's approved leave, she was in constant communication with Defendant's representatives, one of which offered the Plaintiff a return to work date for Feb. 28, 2011, but without pay for the ten days between the expiration of the approved leave, February 14, 2011 and the return work date of February 28, 2011; the Plaintiff accepted this offer. On February 15, 2011, the Plaintiff received via certified mail a notice which was dated for February 4, 2011, by the Defendant's Director of Human Resources, that due to the discrepancies in the physician's release dates, the Plaintiff must select one of two options to remain employed: (1) have the psychiatrist change the released date from February 28, 2011 to February 15, 2011; or (2) request a special leave without pay for the remainder of the school year and seek reinstatement in the system for a position in perhaps another school the following year, with requisite medical documentation to support a leave for the remainder of the year. The notice gave the Plaintiff a deadline of Feb. 11, 2011 to respond to the options or her position would be terminated. After receiving the Notice after the deadline date to respond, the Plaintiff, her husband and attorney contacted the

3

Defendant to resolve the discrepancies and have the Plaintiff reinstated, but the Defendant refused to respond to Plaintiff, and wrongfully terminated her, following their mutual agreement that she would return to work on Feb. 28, 2011.

12. The effect of the practices complained of in paragraph 11 above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability or because the Defendant believed that she was disabled.

13. The effect of the practices complained of in paragraph 11 above has been to deprive Mrs. Reed of equal employment opportunities and otherwise adversely affect her status as an employee and deny her a job because of her disability or perceived disability.

14. The unlawful employment practices complained of in paragraph 11 above were intentional.

15. The unlawful employment practices complained of in paragraph 11 above were done with malice or reckless indifference to the federally protected rights of Mrs. Reed.

16. The unlawful employment practices complained of herein have caused Mrs. Reed to suffer economic injuries, including but not limited to lost wages, as well as pecuniary and non-pecuniary injuries.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Travis Reed requests that this Court:

4

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of disability or perceived disability which violate the American with Disabilities Act, and the ADA Amendments Act of 2008.

B. Order Defendant Employer, its officers, successors, assigns, to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer, its officers, successors, assigns, to make whole Plaintiff, Travis A. Reed, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful practices.

D. Order Defendant Employer, its officers, successors, assigns to make whole, Plaintiff, Trevis A. Reed, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 11.

E. Order Defendant Employer, its officers, successors, assigns, to make whole, Plaintiff, Trevis A. Reed, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 11, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, lowered self esteem and humiliation, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper under the circumstances.

G. Award Plaintiff its cost of this action.

Respectfully submitted,

*/s/ Lillian M. Thornton*

Lillian M. Thornton LSB#25525
48 Heritage Lane
New Orleans, LA 70114
(504) 263-2346
FAX (504) 486-8005

PLEASE SERVE:
Michael G. Fanning
238 Huey P. Long Ave.
P.O. Box 484
Gretna, LA 70054

6

# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF LOUISIANA
# NEW ORLEANS DIVISION

**TREVIS A. REED**                              **CIVIL DISTRICT NO:**

**VERSUS**                                      **JUDGE**

**JEFFERSON PARISH SCHOOL BOARD**               **MAGISTRATE**

## VERIFICATION

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

Before me, the undersigned authority, personally came and appeared:

### TREVIS A. REED

Who after being duly sworn, stated that he has read the attached complaint and that the information contained therein is true and correct to the best of his knowledge.

_____
TREVIS A. REED

**SWORN TO AND SUBSCRIBED**

**THIS** __14__ **day of** __Nov__ , 2012

_____
**NOTARY PUBLIC**