UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TREVIS A. REED                                    CIVIL ACTION

VERSUS                                            NO. 12-2758

JEFFERSON PARISH SCHOOL BOARD                     SECTION "B"(3)

ORDER AND REASONS

**I. Nature of Claims and Instant Motion**

Plaintiff, Trevis Reed, brought claims under the American's With Disabilities Act (ADA) against Defendant, Jefferson Parish School Board (School Board) after she was fired from her position as a Special Education Teacher. Reed claims that she was fired after complications from pregnancy resulted in her missing work. Specifically, Reed used all of her allotted leave time between August, 2011 and February, 2011. She was scheduled to return to work on February 15, 2011, however her psychiatrist would not clear her to return until two weeks later, on February 28, 2011. Refusing to grant the extra two weeks of leave, the School Board fired Reed when she did not return to work on February 15, 2011. Reed brought the instant suit under the ADA. The School Board now seeks summary judgment.

Accordingly, and for the reasons articulated below, **IT IS ORDERED** that the Motion for Summary Judgment (Rec. Doc. No. 21) is **DENIED.**

1

**II. ADA**

To establish a valid claim under the ADA, an employee claiming discrimination must establish three elements: "(1) he [or she] is disabled within the meaning of the ADA, (2) he [or she] is qualified and able to perform the essential functions of his [or her] job, and (3) his [or her] employer fired him [or her] because of his [or her] disability." *Kemp v. Holder*, 610 F.3d 231, 235 (5th Cir. 2010); 42 U.S.C. § 12112.[1] A disability is either: (A) a physical or mental impairment that substantially limits one or more major life activities; (B) a record of such an impairment; or (C) being regarded as having such an impairment, if further requirements are met. 42 U.S.C. § 12102(1).

**III. Analysis**

The School Board, in their motion for summary judgment, concedes the first element—that Reed is disabled for purposes of the ADA. (Rec. Doc. No. 21-3 at 5). The School Board only argues that Reed cannot assert an ADA claim because she is not a "qualified individual" under the second element. (*Id.*).

As if failing to see that the School Board was conceding an element in favor of her client, Reed's counsel confusingly rebuffs the School Board's concession—stating "the record is abundantly clear that [Reed] suffered a medical trauma of short duration that *did not*

---

[1] As a preliminary matter, the employee must also establish that his or her employer is a "covered entity" within the meaning of the ADA.  U.S.C. § 12112(a). However, because the School Board has not challenged the fact that it is a covered entity, the Court does not address that issue here.

2

*cause her to suffer a disability according to the definitions in the ADA and the [ADA Amendments].*" (Rec. Doc. No. 24 at 11) (emphasis added). The Court, to be candid, is confused by Plaintiff counsel's position. As already stated, an ADA plaintiff *must* be disabled to qualify for relief. 42 U.S.C. § 12112(a); *Bridges v. City of Bossier*, 92 F.3d 329, 332 (5th Cir. 1996) (recognizing that "one requirement for a plaintiff to prevail on an ADA claim is to establish that he [or she] has a disability"); *Rizzo v. Children's World Learning Centers, Inc.*, 84 F.3d 758, 763 (5th Cir. 1996) ("To prevail on her ADA claim, [plaintiff] must prove that []she has a disability."); *Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 758 (5th Cir. 1996) ("As a threshold requirement in an ADA claim, the plaintiff must, of course, establish that he has a disability."); *Christian v. St. Anthony Med. Ctr., Inc.*, 117 F.3d 1051, 1053 (7th Cir. 1997) ("If the employer discriminates against them on account of their being (or being believed by him to be) ill, even permanently ill, but not disabled, there is no violation."). Faced with a concession that a necessary element of a proper claim has been met, Plaintiff's counsel instead represents that Plaintiff in fact cannot meet the statutory definition of "disability."

However, upon closer inspection, Plaintiff's counsel in fact *does argue* that her client is disabled within the meaning of the ADA. The definition of disability not only encompasses persons with an impairment that limits a major life activity, but also persons

3

"regarded as having such an impairment." 42 U.S.C. § 12102(1)(C). Thus, if Reed was not disabled, but the School Board erroneously believed that she was and discriminated against her because of the perceived disability, she may (if certain requirements are met) qualify as a person with a disability under the ADA. It is this line of reasoning that Plaintiff's counsel pursues—albeit in contradiction to her earlier statement that Reed does not "suffer a disability according to the definitions in the ADA." (Rec. Doc. No. 21-3 at 5). Contrary to counsel's reading of the statute, a person regarded as having a disability by their employer, and discriminated against for the perceived disability, *is* a person with a disability "according to the definitions in the ADA."

The Court accepts Reed's argument and the School Board's concession that Reed can meet the first element of her claim that she had a disability within the meaning of the ADA at the time she was fired.

The Court now moves to a consideration of whether Reed is a "qualified individual" within the meaning of the ADA. An ADA Plaintiff must be a qualified individual to be eligible for the Act's protections. *See* 42 U.S.C. § 12112(a). A plaintiff's failure to demonstrate that they are "qualified and able to perform the essential functions of his [or her] job" requires dismissal of an ADA complaint. *Kemp*, 610 at 235.

Plaintiff's counsel does not even address the School Board's argument that Reed is not a qualified individual. Nevertheless, once again faced with Plaintiff counsel's disregard for the arguments of her opponent, the Court finds need to examine the record to determine if Reed may satisfy this prong.

The Court finds, on its own review, that a disputed issue of material facts exists as to whether Plaintiff was a qualified individual. A qualified individual is a person "who, *with or without reasonable accommodation*, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8) (emphasis added).

Here, Reed sought a reasonable accommodation in the form of extended leave time. The request was denied. The record, as it exists at this point, demonstrates that were Reed given a reasonable accommodation in the form of leave between February 15, 2011 and February 28, 2011, she would have been able to meet all requirements of the job. The School Board has not challenged that fact, or submitted evidence suggesting that Reed's condition would impair her job performance past February 28, 2011. Rather, it argues only that Reed was not entitled to the leave time, and her inability to appear at work on February 15 rendered her unqualified for the position. Thus, the only issue remaining is whether or not Reed was entitled under the ADA to time off between February 15, 2011 and February 28, 2011 as a reasonable accommodation.

5

Under the ADA, a reasonable accommodation may include "providing additional unpaid leave for necessary treatment." 29 C.F.R. § 1630.2(o), App; 42 U.S.C. § 12111(9) ("The term 'reasonable accommodation' may include . . . job restructuring, part-time or modified work schedules"); *Brannon v. Luco Mop Co.*, 521 F.3d 843, 849 (8th Cir. 2008) ("[A]llowing a medical leave of absence might, in some circumstances, be a reasonable accommodation."). Accordingly, Reed's request for leave was at least a potential reasonable accommodation under the ADA.

The request for an accommodation must be honored unless it presents an "undue hardship" on the employer, 42 U.S.C. § 12111(10), or if, even with the accommodation in place, the employee would not be able to perform the essential functions of the job. 42 U.S.C. § 12111(8). The School Board does not argue that the accommodation here would have presented an undue burden, but instead contends only that Reed could not meet the essential job function of "attendance." The Court disagrees, based on the existing record.

While attendance has been recognized as an essential job function, *Hypes on Behalf of Hypes v. First Commerce Corp.*, 134 F.3d 721, 727 (5th Cir. 1998), the authorities referenced *supra* indicate that a reasonable accommodation may include limited leave. The School Board's argument that a person who requests leave cannot also be a qualified individual is antithetical to the reasonable accommodation provisions and accompanying case law cited above. On the contrary, a

6

person who seeks reasonable leave remains qualified for a position so long as following the leave they can complete the essential functions of the job. Here, there is no dispute in the existing record that Reed could complete all job requirements after a period of leave.

Further, the cases cited by the School Board for the proposition that Reed was not entitled to leave are inapposite to the instant case. Those cases involved requests for indefinite leave or extended leave, up to a year, or permanent changes to job requirements. *See Gantt v. Wilson Sporting Goods Co.*, 143 F.3d 1042, 1047 (6th Cir. 1998) (Plaintiff failed to come to work for an entire year); *Hypes*, 134 F.3d at 727 (Plaintiff "proposed an accommodation of flex-time" that would have permanently changed his job hours). Further, in *Hypes* the Fifth Circuit recognized that "if [Plaintiff's] excessive absences were linked to his disability, and [the employer] knew it when they fired him, we might say that excessive absence is a pretext or even a proxy for [Plaintiff's] disability, and he would have an arguable claim under the ADA." *Hypes on Behalf of Hypes v. First Commerce Corp.*, 134 F.3d 721, 726 (5th Cir. 1998). This suggests that an employer may not limit liability for an ADA violation by merely pointing to the fact that a plaintiff has missed work in the past or requests further leave.

Here, Reed did not seek any permanent change to her hours. Instead, the record at this time only reveals that Reed sought leave between February 15, 2011 and February 28, 2011. The Court does not

7

find on this record that Reed's request for the additional leave was improper, or that it fell beyond the bounds of the general rule that a reasonable accommodation may include "providing additional unpaid leave for necessary treatment." 29 C.F.R. § 1630.2(o). Nor does the Court find on the existing record that after February 28, 2011 Reed was inhibited from fulfilling the necessary requirements of the job. For that reason, Reed can meet the element of "qualified individual" since with a reasonable accommodation she would have been able to complete the essential functions of her job.

Accordingly, and for the reasons articulated above, **IT IS ORDERED** that the motion be **DENIED**.

New Orleans, Louisiana, this 22nd day of April, 2014.

_____
UNITED STATES DISTRICT JUDGE